S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**KATHLEEN L. BICKERS, OSB #85151**
Assistant United States Attorney
kathleen.bickers@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1105
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:10-CR-00318-MO-3 |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| **GONZALO VARGAS-TORRES,** | |
| Defendant. | Sentencing: May 15, 2013 11:30 a.m. |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Assistant United States Attorney Kathleen L. Bickers, submits the following memorandum in support of the government's position on sentencing.

### GOVERNMENT RECOMMENDATION

On Monday, May 15, 2013, the court will sentence the defendant pursuant to his plea of guilty to Counts 1, 2 and 12 of the Third Superseding Indictment. Count 1 is a Conspiracy to Manufacture Marijuana in a quantity of 1000 plants and to Distribute Methamphetamine in a quantity of more than fifty actual grams, in violation of  Title 21, U.S.C., Sections 841(a)(1), (b)(1)(A) and § 846. Count 2 is a Firearms Conspiracy, in violation of Title 18, U.S.C., Sections 924 (c) and (o). Count 12 is a Manufacture of Marijuana in a quantity greater than 1000 plants, in

violation of Title 21, U.S.C., Section 841(a)(1), (b)(1)(A) . As charged, Counts 1 and 12 each carry a maximum sentence of life imprisonment, a mandatory minimum sentence of ten years imprisonment, a fine of $10,000,000, at least five years of supervised release, and a $100 fee assessment. As charged, Count 2 carries a maximum and minimum sentence of five years imprisonment to be served consecutively to any other term of imprisonment imposed, a fine of $250,000, at least three years of supervised release, and a $100 fee assessment.

The parties stipulated in the plea agreement that defendant's relevant conduct pursuant to USSG §§1B1.3 and 2D1.1(c)(3) is at least 232 grams of actual methamphetamine and 340 kilograms of marijuana for a Base Offense Level of 34, prior to adjustments.

The defendant agreed in the plea agreement that his offense level should be adjusted upward four levels, pursuant to U.S.S.G. § 3B1.1 (a), for his role in the offense as an organizer and leader of a criminal activity that involved five or more participants and/or was otherwise extensive. The defendant further agreed in his plea agreement that he is not entitled to any reduction in his guideline offense level for acceptance of responsibility because the government completed preparations for trial prior to his decision to plead guilty to the indictment against him.

Both parties agreed to recommend the court impose a sentence of fifteen years imprisonment which is the total combined mandatory minimum sentence for Counts 1 and 2. Count 1 requires the court impose a ten year mandatory minimum sentence and Count 2 requires a five year mandatory minimum sentence to run consecutively to Count 1. The government and the defense anticipate that Level 38 would be the advisory range for Count 1 after a four-level adjustment upward from the Base Offense Level of 34 to Level 38 for the defendant's role. The

resulting guideline offense level at Criminal History Category I, Level 38 is 235 months to 293 months.

The government concurs with the presentence report that the defendant is in Criminal History Category I, having no calculable points to score even though he has been in flight since 1997 from federal trafficking charges in Iowa.

The parties agree that a reasonable sentence based on 18 U.S.C. §3553 factors is the mandatory minimum combined sentences of 180 months (fifteen years) as a variation from the advisory guideline range of 235 to 293 months for Count 1. The presentence report recommends a sentence of 295 months which is a low-end sentence of 235 months for Count1 combined with an additional 60 months for the mandatory consecutive minimum sentence for Count 2. However, the government is only seeking 120 months for Count 1, which is almost half of the advisory guideline sentence that the presentence report recommends for that count alone.

The contrast between the presentence writer's recommendation and the government's recommendation illustrates an important point at this juncture of the case: even though the defendant's delayed plea of guilty necessitated extensive trial preparation, the defendant was able through competent counsel to obtain a highly favorable plea agreement in exchange for his full admission of guilt for all charges against him and his waiver of appeal.

///

///

///

///

///

**Government's Sentencing Memorandum**                                                              **Page 3**

In accordance with the plea agreement, the government recommends the court impose a sentence of 180 months' imprisonment. The government submits that this is a reasonable sentence for the defendant's crimes in consideration of the relevant Section 3553 factors such as the other sentences given to lesser involved co-conspirators as well as the need for a sentence sufficient, but not greater than necessary, to deter others who might assume leadership positions as this defendant did, in high-level/high-impact drug organizations.

DATED this 8th day of May 2013.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*s/Kathleen L. Bickers*
KATHLEEN L. BICKERS, OSB #85151
Assistant United States Attorney