IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 3:10-cr-318-MO-3 |
| v. | ) | |
| GONZALO VARGAS-TORRES, | ) | June 17, 2013 |
| Defendant. | ) | Portland, Oregon |

**Oral Argument/Sentencing Hearing**

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL W. MOSMAN

UNITED STATES DISTRICT COURT JUDGE

APPEARANCES

FOR THE PLAINTIFF: Ms. Kathleen Louise Bickers
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

FOR THE DEFENDANT: Ms. Lisa J. Ludwig
Attorney at Law
811 S.W. Naito Parkway, Suite 500
Portland, OR 97204

COURT REPORTER: Bonita J. Shumway, CSR, RMR, CRR
United States District Courthouse
1000 S.W. Third Ave., Room 301
Portland, OR 97204
(503) 326-8188

SPANISH INTERPRETER: Ms. Tina Machuca

U.S. PROBATION: Mr. Adam Jacobson

(P R O C E E D I N G S)

MS. BICKERS: Good afternoon, Your Honor. Kathleen Bickers, appearing on behalf of the Government. This is the matter of the United States v. Gonzalo Vargas-Torres, CR-10-318-03-MO. The defendant is before the Court in the custody of the U.S. Marshal. He's being assisted by the interpreter, Tina Machuca, whose oath is on file with the Court, as well as his attorney, Lisa Ludwig.

This is the time and place set for sentencing, pursuant to the defendant's plea of guilty to three counts in the superseding indictment.

Also, at the same time, we have scheduled before the sentencing the defendant's motion to obtain a new attorney.

And then there's another matter which has been pending out of Iowa, which under the terms of the plea agreement, the defendant was to enter a plea of guilty pursuant to a Rule 20 proceeding, and we need to address what's going to happen with that matter before we conclude today.

THE COURT: Thank you.

Mr. Vargas-Torres, you have made two requests of me in advance of your sentencing. One is to withdraw your guilty plea; and related to that, I guess, is your effort to replace your attorney with a different attorney.

Let me tell you how this would play out in the future. You're at a fork in the road, and the first fork in the road is that I deny those motions and we proceed to sentencing, and you receive a lengthy sentence, to be sure, a 180-month sentence, which happens to be the lowest possible sentence that someone in your position can receive -- given that the sentences you get on each of the three counts are mandatory, I have no discretion to do anything lower -- or, I could let you have a new attorney and withdraw your pleas. Certainly you have -- well, if I did that, the Government would have the right to rescind its plea agreement with you, and there's only one direction your sentencing would go in any new plea agreement, and that's up. So they'll never make you a better offer than the one you have now. It's likely you'll get, in fact, a worse offer.

Of course, prior to your guilty plea, you had every right to go to trial and attempt to have your sentence be nothing by winning at trial. Several good lawyers, including Ms. Ludwig, have advised you not to do that, and eventually you accepted that advice and pled guilty. That guilty plea is deemed to be final unless you give me the sort of reasons that are recognized in law for changing now, withdrawing your guilty plea, and you have not done that.

So I have in front of me your motion to withdraw

your guilty plea. I deny that motion. I'm not going to allow you to withdraw your guilty plea.

The next motion I have in front of me is your motion to substitute in a new lawyer. You've had several lawyers. Ms. Ludwig has negotiated for you the lowest possible sentence that can be negotiated. So I deny your request for a new lawyer. We will proceed with sentencing. I've received your sentencing memorandum in this case.

Ms. Bickers, I want to be sure, the matter from Iowa doesn't need to happen before sentencing in this matter, does it?

MS. BICKERS: No.

THE COURT: So I know you and Ms. Ludwig have not been communicating recently. I'm going to take a five-minute break or so for the two of you to talk about whether there's anything further that you want to say. I do intend to accept the plea agreement; that is, although I could give you a sentence longer than 180 months, I intend at sentencing to give you the sentence recommended by the -- by your attorney and the attorney for the United States in this case. Any other course, sir, I'm confident would be only to your detriment, to your harm, and I don't intend to allow that to happen.

So I'll come back on the bench in about five minutes.

THE CLERK: This court is in recess.

(A recess is then taken.)

THE COURT: Ms. Ludwig, is there anything further you wish to say on behalf of your client before I pass sentence?

MS. LUDWIG: I have two intermediate concerns, Judge. One is that earlier it wasn't clear to me that you were addressing both Mr. Vargas-Torres's motion to remove me and get a new attorney and my totally separate motion to withdraw, based on his wish for me to file that motion.

THE COURT: I deem that as two sides of the same coin.

MS. LUDWIG: I just wanted it to be clear for the record, Your Honor.

The second thing is that during the break, I attempted to discuss with Mr. Vargas-Torres his wishes with regard to the Iowa matter. I explained to him that if he wishes to negotiate with the Government, as we had originally planned, to settle his Iowa case, that that was still possible, that he would remain here, but if he doesn't wish to do that, Iowa will take him when he's finished that sentence.

I tried to obtain an answer from Mr. Vargas-Torres about which of those two courses of action he intended to pursue, but I wasn't able to do that.

THE COURT: All right.

Thank you. Does your client wish to say anything before I pass sentence?

(All answers of the defendant are through the interpreter.)

THE DEFENDANT: Okay. May I read a letter that I have here?

THE COURT: Yes.

THE DEFENDANT: First, if you're going to sentence me, I can be sentenced, but I would like this to be taken into consideration. Is that fine?

THE COURT: You want to make it part of the record or read it?

THE DEFENDANT: I'd like to read it, right.

THE COURT: That's fine.

THE INTERPRETER: Your Honor, may the interpreter request that we take turns?

THE COURT: Do you want the interpreter to just read it to me in English?

THE DEFENDANT: It's in Spanish. Can you read it? I can read it if you'd like.

THE COURT: All right. Then just read one sentence at a time, and then the interpreter will interpret.

THE DEFENDANT: Your Honor, first, thank you for having considered my petition regarding retracting my plea,

my guilty plea. And I would like to ask you please for us to finish -- for us to finish up with my sentence as quickly as possible, since I've already been a prisoner for more than 31 months in the county jail, and it's very difficult for me to continue staying there any longer.

I have some of the following points or mistakes regarding my attorney, and if you would allow me to, I would like me to explain them.

THE COURT: I would like you not to read those, since they won't affect your sentence, but I will have Ms. Stephens make your letter an exhibit, and it will be in the court file, and I will read your letter. In fact, if you want me to, I'll read it right now before I pass sentence. I can do that.

MS. LUDWIG: It is in Spanish, Your Honor.

THE COURT: That's fine. I read Spanish.

THE DEFENDANT: (Handing document to clerk.)

THE COURT: (Reading letter.)

All right. Thank you, sir. I have read your letter.

THE DEFENDANT: Okay.

THE COURT: There are parts of that letter that just had to do with what the sentence ought to be in this case, but the major part of it is what you spoke of in your request to withdraw your guilty plea, that you believe that

you should not be held responsible for the firearms in this case, for example, and I know that's what you're now saying. As I said, I'm not going to grant your request to withdraw your guilty plea in this case.

I've read the letter in part because I understand it to be your request to put on the record why you wanted to withdraw your guilty plea.

Is there anything further you wish to say about your sentence before I pass sentence in this case?

THE DEFENDANT: Just to consider my charges regarding what I, myself, did, and if you would like to impose a sentence today that do it, to do it regarding more or less -- regarding what I myself was responsible for.

THE COURT: All right. Thank you.

I have reviewed the presentence report in this case. I view it as an accurate statement of the guidelines. Those guidelines, at least according to the United States Probation Office, recommend a total sentence of 295 months, which is just about 25 years in prison. The parties jointly recommend a sentence just about ten years less than that, a 15-year sentence in this case.

And so I, although I think the presentence report accurately states the guidelines, I do not intend to follow them. I intend to sentence at the lower sentence that your attorney negotiated and that the parties are jointly

recommending, for reasons reflected in the defendant's personal history and the characteristics of this defendant and the nature of the case.

The defendant is committed on Count 1 -- Let me make sure I get these right. Count 1 is the initial ten-year minimum mandatory sentence; is that right, Ms. Bickers?

MS. BICKERS: That's correct, Your Honor.

THE COURT: So the defendant is committed to the Bureau of Prisons for confinement for a period of 120 months on Count 1, the minimum mandatory sentence in this case. Upon release, the defendant shall serve a five-year term of supervised release, subject to the standard conditions of supervision adopted by this Court, with the following special conditions: if deported, you'll not reenter the U.S. without reapplying to and receiving approval from the Department of Homeland Security, without prior notice to the U.S. Attorney and the U.S. Probation Office for the District of Oregon. You will not commit any new federal, state or local crimes. Two, you'll cooperate in the collection of DNA.

As to Count 12, the defendant is committed to the Bureau of Prisons for confinement for a period of 120 months, said sentence to be served concurrently with the sentence imposed in Count 1.

MS. BICKERS: Your Honor, that sentence is mandatory consecutive.

THE COURT: You're sure that's not Count 2?

MS. BICKERS: Oh, I'm sorry, you're already on Count 2?

THE COURT: I did Count 12 before Count 2.

MS. BICKERS: I didn't hear that. Thank you, Your Honor.

THE COURT: So that's the second count. First Count 1, then Count 12.

The third count I'm imposing a sentence on is Count 2. The defendant is committed to the Bureau of Prisons for confinement for a period of 60 months, said sentence to be served consecutive to the sentences imposed in Counts 1 and 12.

I'm not ordering any fine. There is a fee assessment of $100 on each count, for a total of $300 due immediately. No restitution is owed either.

You have waived some or all of your appeal rights as part of the plea agreement in this case. Such waivers are generally enforceable. But if your plea agreement -- if you think your plea agreement allows you to appeal, you must file a notice of appeal within 14 days of the entry of judgment. If you can't pay the cost of an appeal, you can ask for permission to appeal without paying the cost. If

you request, the clerk of the court will prepare and file a notice of appeal on your behalf.

Now, in this case, I happen to know that you do want to appeal, so let's talk about that. First of all, that just means that there's some paperwork that you have to do to make your appeal possible. I'm not asking you to understand that perfectly, but do you get the idea that there's some steps you have to take to appeal?

THE DEFENDANT: Yes.

THE COURT: Ms. Ludwig has done many appeals. I'm not giving you a new lawyer. Right now you're not talking to her. That's pretty much a rock solid guarantee that if you keep that up, you'll lose your appeal. So are you ready to start working with her on your appeal?

THE DEFENDANT: Yes.

THE COURT: Do you want her -- do you want to authorize her here in court to file a notice of appeal on your behalf?

THE DEFENDANT: Yes.

THE COURT: All right. That will get you started, and then she knows what issues to raise. And she'll raise them about the guilty plea, among others.

The one thing she will not be able to handle on appeal is any question about her own competence, but she'll explain to you how that gets challenged later. You will

have an opportunity, if you choose to use it, to raise that argument also in a different way. So we'll expect the notice of appeal to come from Ms. Ludwig in the time period.

The defendant is currently in custody, not viewed as suitable for voluntary surrender.

Are there any pending charges requiring dismissal?

MS. BICKERS: Not in this indictment. And all the underlying indictments that have predated this one we would move to dismiss against this defendant only.

THE COURT: Granted.

Anything further from the defense by way of potential designation, where to serve his time?

MS. LUDWIG: Your Honor, because it's unclear whether Mr. Vargas-Torres wants to take it to Iowa or remain here to try to complete the negotiations with the Government here, it's hard to --

THE COURT: That's a good point.

Let me ask you something about that. We have this other charge in Iowa, and the way things work here is that Iowa has its own case, and I'm not in charge of that case. You can negotiate a plea here of the Iowa charges and a resolution of them, but you can't go to trial here in Oregon on those Iowa charges. If you want to go to trial, you have to go back to Iowa. That's where they'll take you in custody, back to Iowa.

So what will likely happen is if you decide to go back to Iowa and face these charges and contest them in trial -- which you're perfectly free to do -- it's likely you'll be detained at least for a while somewhere near Iowa.

Do you know where Iowa is?

THE DEFENDANT: Yes.

THE COURT: All right. And so we need to know -- on the other hand, you can have Ms. Ludwig try to negotiate that here. If she's successful, then you can be somewhere near -- as close to here as possible, I guess, while that's happening. I'm not saying you'll be at Sheridan, but you won't go to Iowa, let's put it that way.

Do you want Ms. Ludwig to start negotiating with Ms. Bickers the Iowa case, or would you prefer to go back to Iowa and get a lawyer in Iowa and deal with it all in the state of Iowa?

THE DEFENDANT: I'm a little bit confused. I thought that both cases were being arranged right now.

THE COURT: I can understand your confusion. That's not what has happened. That's what Ms. Ludwig says she wants to try to do on your behalf here, but it hasn't fully happened yet. So you have to decide whether you want her to do that now, here -- not this moment, but in the next couple weeks here, or if you'd prefer to go to Iowa and have everything happen there with a new lawyer and a new

prosecutor in Iowa. I'm going to let you decide which of those two you'd like to do.

THE DEFENDANT: I'd like the arrangements to be made here instead.

THE COURT: I just want you to be clear that Ms. Ludwig would then start negotiating on your behalf. I don't know where they're going to send you. You're going to start serving this sentence while she tries to work out the Iowa case. I don't know where they're going to send you, I'm just saying that it just means you won't be sent back to Iowa.

I'll authorize you then to start. So I assume, given his contacts in this area, you'd like him to be -- would you like me to make a recommendation for as close to Oregon as possible or somewhere else?

MS. LUDWIG: In the Northwest, Your Honor, because his family is in Seattle. So I'm just asking for a recommendation in Oregon and Washington, if possible.

THE COURT: Given defendant's ties, relatively longstanding, many years of ties to this area, including the Seattle area, I am urging the Bureau of Prisons to designate him to a prison as close to Seattle as possible, either Oregon or Washington, so that they could by car be able to arrange a trip to visit him during this lengthy prison sentence.

In the meantime, you'll negotiate the Iowa matter and you'll let me know if you need anything further from this Court on that.

MS. LUDWIG: I will, Your Honor.

MS. BICKERS: Your Honor, I believe that you made this clear, but just so that the defendant is clear about this, the defendant has waived appeal in this matter. You have given him information about, despite that waiver, if he chooses to pursue an appeal, you've addressed that regarding a notice of appeal must be filed.

In addition, we will need approximately 30 days for further proceedings to see if we can negotiate a Rule 20 here. We put the brakes on that until we saw what was happening with his motion to withdraw or his motion to withdraw his plea and his motion for substitution of attorneys. But I will tell the Court this, and I will tell Ms. Ludwig this, that when I notified the Iowa authorities that the defendant intends to appeal or will be filing appeal of this Oregon matter, I do not believe that they will agree to a concurrent sentence, as discussed during this prior proceeding, when we reached the plea agreement in this case. So we'll have that discussion further, but I want to make sure the defendant knew that I was telling the Court that, and so it won't be a surprise to him when his attorney tells him that.

THE COURT: Thank you for putting that on the record.

So you and Ms. Ludwig will have further conversations. Keep in mind simply because your attorney gives you hard choices to make doesn't mean she's a bad attorney. You just have hard choices to make. Some of those choices can't be made better by any attorney on earth. So work with her. She's a good attorney. She'll get you the best possible arrangement you can make. Don't ignore her. It just makes your whole life more difficult.

And then we'll just see where that goes. It will be up to the marshals what they do, but it sounds like we may have within 30 days or so a proceeding with this defendant. At least that's a realistic enough possibility that he probably shouldn't be sent a long ways away.

Anything further?

MS. BICKERS: No, Your Honor.

THE COURT: Thank you. We'll be in recess.

THE PROBATION OFFICER: Your Honor, if I may, one point of clarification on the sentence, if in case I missed it.

THE COURT: Yes.

THE PROBATION OFFICER: Was the Court also imposing a concurrent five-year supervised release term on Counts 2 and 12 with the same conditions?

THE COURT: Yes. I'm glad you raised that. I neglected to say that.

THE PROBATION OFFICER: Thank you, Your Honor.

MS. BICKERS: Your Honor, one thing I'm concerned about. If we don't pick a further proceedings date under the Iowa case number, the defendant will be transferred potentially out of the jurisdiction and we might be in a situation where it would be difficult to get him back. I was wondering if we could have a status with this Court under the Iowa case number, if counsel agrees.

MS. LUDWIG: I agree with that.

THE COURT: Yes. About how far out?

MS. BICKERS: About 30 days, Your Honor. It requires paperwork to be approved by the U.S. attorney here and the U.S. attorney in Iowa, and it's not just handled by assistants. It's actually the U.S. attorneys who have to approve it.

THE COURT: I know how hard it is to find those U.S. attorneys in the office. Do your best.

MS. BICKERS: All right.

THE COURT: Ms. Stephens?

THE CLERK: The court is available Monday, July 29th, at 11:00 a.m.

MS. BICKERS: I have a trial in Judge Simon's court that is starting on that day.

THE CLERK: The court is available Thursday, July 25th, at 11:30.

MS. BICKERS: I am available.

MS. LUDWIG: I'm sorry, I'm gone on that day. I have a couple things out of town.

THE CLERK: Clarification for the clerk. Are you not available that week?

MS. LUDWIG: No, I'm gone the 25th and 26th. I'm available the 22nd second and 23rd.

THE CLERK: The court is available Monday, July 22nd, at 10:00.

MS. LUDWIG: That's fine.

MS. BICKERS: I'm available.

Thank you, Your Honor.

THE COURT: We'll be in recess.

THE CLERK: Court is in recess.

(Proceedings concluded.)

--o0o--

I certify, by signing below, that the foregoing is a correct transcript of the record of proceedings in the above-entitled cause. A transcript without an original signature or conformed signature is not certified.

*/s/Bonita J. Shumway* *8/10/2013*

BONITA J. SHUMWAY, CSR, RMR, CRR DATE
Official Court Reporter